IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORTON HELTON, Reg. No. 19046-424, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-31-WHA-KFP |
| | ) | (WO) |
| WARDEN WOODS, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on January 8, 2019, by Norton Helton, a federal inmate at the Maxwell Federal Prison Camp in Montgomery, Alabama. Doc. 1.

**I.     BACKGROUND**

On July 9, 2010, a federal jury in the Northern District of Illinois found Helton guilty of three counts of wire fraud (18 U.S.C. § 1343) and nine counts of bankruptcy fraud (18 U.S.C. §§ 157(1)). Doc. 21-3. On January 18, 2012, the U.S. District Court for the Northern District of Illinois sentenced Helton to 180 months in prison.[1] Doc. 21-4 at 3. Helton appealed, arguing there was insufficient evidence to support his convictions and asserting a *Brady*[2] claim based on the government's alleged suppression of exculpatory evidence. On December 13, 2013, the Seventh Circuit Court of Appeals issued an opinion

---

[1] The district court sentenced Helton to 144 months on each of Counts 6 through 8 (the wire fraud counts) to run concurrently with each other and 36 months on each of Counts 9 through 17 (the bankruptcy fraud counts) to run concurrently with each other but consecutively to Counts 6 through 8.
[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

affirming Helton's convictions and sentence. Doc. 21-5; *United States v. White*, 737 F.3d 1121 (7th Cir. 2013). Helton filed a petition for writ of certiorari with the U.S. Supreme Court, which was denied on June 2, 2014. Doc. 21-6 at 276; *Helton v. United States*, 572 U.S. 1157 (2014).

On February 19, 2015, Helton filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in his court of conviction, the U.S. District Court for the Northern District of Illinois. Doc. 21-6. In that motion, Helton raised claims of ineffective assistance of counsel. *Id*. In October 2015, the district court entered an order denying the motion. Doc. 21-7. Helton sought an appeal, and in November 2016 the Seventh Circuit denied his application for a certificate of appealability. Doc. 21-8.

In November 2018, Helton filed an application with the Seventh Circuit seeking permission to file a successive § 2255 motion in the district court.[3] Doc. 21-9. In his application, Helton argued he should be allowed to file a § 2255 motion "present[ing] newly discovered evidence that shows that the government obtained his conviction through the knowing use of false testimony." Doc. 21-9 at 4. Specifically, Helton asserted that the government presented false testimony from his former paralegal in an attempt to show that Helton had removed certain property information from his clients' bankruptcy filings to

---

[3] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

further the fraudulent scheme. Helton contended that the discovery of this false testimony proved his innocence and was not previously available because he had only recently hired private investigators who wrote reports corroborating his suspicions. Doc. 21-9. On December 7, 2018, the Seventh Circuit denied Helton's application for permission to file a successive § 2255 motion, explaining:

> Because Helton does not include the private investigators' reports in his application, it is unclear what new information, if any, was discovered. Helton attests in an affidavit that the "new" evidence pertains to his former paralegal's preparation of bankruptcy documents outside her scope of employment—information that would not necessarily disprove Helton's preparation of fraudulent documents as part of his own practice. Thus, even with his additional evidence, Helton cannot show that no reasonable factfinder would have found him guilty. *See* 28 U.S.C. § 2244(b)(2).

Doc. 21-10 at 3.

On January 8, 2019, Helton filed this § 2241 Petition invoking the "saving clause" in 28 U.S.C. § 2255(e).[4] Doc. 1. In his Petition, Helton asserts the same claim he presented in his application for permission to file a successive § 2255 motion, i.e., that newly discovered evidence shows the government obtained his conviction through the knowing use of false testimony. Docs. 1, 3. Respondent answers that because Helton fails to show that the remedy available to him under § 2255 is "inadequate or ineffective," as required by the saving clause in § 2255(e), this Court lacks jurisdiction to entertain the § 2241 Petition. Doc. 21. Upon review of Petition and Helton's supporting memorandum, the

---

[4] If a federal prisoner satisfies his burden of demonstrating that the requirements of the saving clause are met, he may assert the claim in a § 2241 habeas petition filed in the district of confinement. *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Whether the saving clause applies is a jurisdictional inquiry that must be decided before addressing the merits of a claim. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017).

response and supporting evidentiary materials, and the controlling case law, the Court finds that no evidentiary hearing is required and that Helton's Petition should be dismissed for lack of jurisdiction because the "does not fall within the text of the saving clause" in § 2255(e). *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017).

## II.   DISCUSSION

The rule is that a federal prisoner who seeks to attack his conviction or sentence collaterally must file a § 2255 motion to vacate instead of a § 2241 habeas corpus petition. *See id.* at 1081. Section 2255(e) contains the rule, but its last clause contains an exception to the rule known as the "saving clause." Subsection (e) provides that a § 2241 petition "shall not be entertained" if the prisoner has either failed to apply for the relief he seeks by a § 2255 motion in the sentencing court or has applied and been denied it, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A district court can exercise jurisdiction over a federal prisoner's § 2241 petition *only* if the saving clause in § 2255(e) applies. *McCarthan*, 851 F.3d at 1080.

Addressing the scope of the § 2255(e) saving clause, the Eleventh Circuit in *McCarthan* explained that a § 2255 motion "is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim," i.e., a claim that would not be "cognizable" in a § 2255 motion. *Id.* at 1088–91, 1099. The court used the word "cognizable" to describe a particular kind claim that could have been tested in an initial § 2255 motion and, if found to have merit and not be barred by a procedural or

other defense, would entitle the movant to relief that the § 2255 remedy can give: vacating the judgment against the movant, vacating or correcting the movant's sentence, granting the movant a new trial, or releasing the movant, as appropriate. *Id*. at 1086. Thus, a claim is cognizable in a § 2255 motion—and outside the scope of the § 2255(e) saving clause—if it is the kind of claim a federal prisoner may bring in a § 2255 motion to challenge his conviction and sentence. *See id*. In other words, a § 2255 motion is neither inadequate nor ineffective to test the legality of a prisoner's detention based on such a claim.

The court in *McCarthan* identified the following limited circumstances under which a § 2255 motion to vacate may be "inadequate or ineffective" to test the legality of a prisoner's detention under the § 2255(e) saving clause: (1) "challeng[ing] the execution of [a] sentence, such as the deprivation of good-time credits or parole determinations"; (2) "when the sentencing court is unavailable," such as when the sentencing court itself has been dissolved; or (3) where "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." *Id*. at 1092–93.

Helton argues that the § 2255(e) saving clause applies to the claim in his § 2241 Petition because he only discovered the alleged false trial testimony after he filed his initial § 2255 motion. Helton's assertion of a new fact, however, is not a circumstance that *McCarthan* recognized as qualifying for the saving clause. Although Helton maintains that his claim arose only after he filed his initial § 2255 motion, his claim is nevertheless the *kind* of claim that could have been brought in (and "cognizable" in) a § 2255 motion challenging his conviction and sentence. The saving clause is not triggered by assertions that new facts have come to light. *Id*. at 1086, 1090. "If the saving clause 'guarantee[d]

5

*multiple* opportunities to test a conviction or sentence,' then the bar against second and successive motions under section 2255(h) would become a nullity." *Id*. at 1090 (quoting *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) (emphasis in original)).

Helton does not qualify for the § 2255(e) saving clause because his claim alleging the discovery of false trial testimony is a "cognizable" claim that could have been brought in a § 2255 motion. The § 2255 remedial vehicle is an adequate and effective means for testing this type of claim. Thus, Helton cannot use the § 2255(e) saving clause to pursue his claim in a § 2241 petition for habeas corpus relief. Because Helton does not satisfy the saving clause in § 2255(e), this Court lacks jurisdiction over his § 2241 Petition, and it should be dismissed for lack of jurisdiction.

**III.  CONCLUSION**

It is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

It is further ORDERED that by **November 30, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 16th day of November, 2021.

                              /s/ Kelly Fitzgerald Pate
                              KELLY FITZGERALD PATE
                              UNITED STATES MAGISTRATE JUDGE